UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
LOUIS A. PICCONE,

                Plaintiff,

    -against-

BLOCK 865 LOT 300 LLC, JOHN
DIFORTE, MARLA DIFORTE, AVERY
GROSS, JOSEPH VOTTO,
CHRISTOPHER ALBEE, and VOTTO
AND ALBEE, PLLC,

                Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
21-CV-3901 (WFK) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

      Plaintiff Louis Piccone ("Piccone") brought this action against Defendants Block 865 Lot 300 LLC ("LLC Defendant"), John and Marla DiForte, Avery Gross, Joseph Votto, Christopher Albee, and Votto and Albee, PLLC, regarding a dispute over the ownership of fractional shares of a swimming pool property on Staten Island, New York. (*See* Compl., ECF No. 1.) Plaintiff was also a plaintiff in the matter *Agoliati v. Block 865 Lot 300 LLC*, No. 19-CV-5477 (WFK) (TAM). Both cases were brought under diversity jurisdiction. On November 17, 2023, the undersigned magistrate judge issued a Report and Recommendation recommending dismissal of *Agoliati* for lack of subject matter jurisdiction due to Piccone's status as a United States citizen domiciled in Canada. *Agoliati v. Block 865 Lot 300 LLC*, No. 19-CV-5477 (WFK) (TAM), 2023 WL 8014828, at *13 (E.D.N.Y. Nov. 17, 2023), *report and recommendation adopted*, 2023 WL 8618234 (E.D.N.Y. Dec. 13, 2023). For the same reason, the Court now recommends dismissal of the instant case.

# DISCUSSION

## I. Legal Standards

As courts of limited jurisdiction, federal courts are obligated to "determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Federal courts have original jurisdiction when a "federal question" is presented, 28 U.S.C. § 1331, or when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, *id.* § 1332. "If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3). Diversity jurisdiction requires "complete diversity"; that is, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (citing *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)). "In an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced . . . ." *Universal Licensing Corp. v. Paola del Lungo S.P.A.*, 293 F.3d 579, 581 (2d Cir. 2002).

A person's citizenship is determined by their domicile. *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (quotation marks omitted). The Second Circuit has described domicile as "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quotation marks omitted). To identify a party's domicile, the Court must look to two indispensable criteria: (1) the party's residence in the state, and (2) the intent to remain in the state indefinitely. *See Pacho v. Enterprise Rent-A-Car*, 510 F. Supp. 2d 331, 333 (S.D.N.Y. 2007) (citing *Palazzo*, 232 F.3d at 42); *Mississippi Band of Choctaw Indians v.*

2

*Holyfield*, 490 U.S. 30, 48 (1989). Importantly, domicile is not synonymous with residence. *Holyfield*, 490 U.S. at 48. Although a party may have multiple residences, they can only have one domicile at any given time. *Dukes v. N.Y.C. Emps.' Ret. Sys.*, 361 F. Supp. 3d 358, 367 (S.D.N.Y. 2019).

United States citizens who are domiciled abroad are not considered citizens of a state, and therefore cannot confer diversity jurisdiction in federal court. *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001). Because they are "neither citizens of any state of the United States nor citizens or subjects of a foreign state," § 1332(a) does not confer federal jurisdiction over a suit in which such persons are parties. *Id.* (quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990)). Even for those who are dual citizens of the United States and another country, the Second Circuit has held that "only the American nationality of the dual citizen should be recognized under 28 U.S.C. § 1332(a)." *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991) (quoting *Sadat v. Mertes*, 615 F.2d 1176, 1187 (7th Cir. 1980)).

As to who bears the burden of proof, it is well established that the "party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).

**II. Analysis**

   **A.** ***Agoliati*** **Findings of Fact and Conclusions of Law**

In *Agoliati*, the Honorable William F. Kuntz, II, granted the defendants' motion to dismiss on December 17, 2021. *Agoliati v. Block 865 Lot 300 LLC*, No. 19-CV-5477 (WFK) (TAM), 2021 WL 6425494 (E.D.N.Y. Dec. 17, 2021). On appeal, the Court of Appeals for the Second Circuit remanded the case for a determination of "whether there is complete diversity of citizenship between Plaintiffs and Defendants and whether each of the

3

Plaintiffs has satisfied the amount-in-controversy requirements of [28 U.S.C.] § 1332." *Agoliati v. Block 865 Lot 300 LLC*, No. 22-51, 2023 WL 405769 (2d Cir. Jan. 26, 2023) (summary order). On referral from Judge Kuntz, this Court held an evidentiary hearing and subsequently issued a Report and Recommendation making findings of fact and conclusions of law as to diversity of citizenship and the amount in controversy. *See Agoliati*, 2023 WL 8014828.

The Court assessed Piccone's domicile as of the date he joined the *Agoliati* action, November 8, 2019. *Id.* at *11 n.14. Although Piccone argued that he was a domiciliary of Massachusetts as of that date, the Court found that he was domiciled in Canada. *Id.* at *11–12. Specifically, the Court found that

> Piccone (1) purchased [his] Massachusetts house in 2005, (2) moved to Canada to live with his wife and children in 2010, and (3) to date, thirteen years later, he continues to reside in Canada. . . . [Furthermore,] he offered no specific testimonial or documentary evidence to establish his physical presence in Massachusetts at any point during 2019; he likewise did not produce proof that he filed a 2019 state tax return . . . .

*Id.* at *13. These findings led the Court to conclude that as of November 8, 2019, "Piccone was a United States citizen domiciled abroad; [therefore] his presence in [*Agoliati*] destroys diversity jurisdiction." *Id.*

### B. Plaintiff's Domicile for the Instant Case

Plaintiff initiated this case by filing a complaint on June 29, 2021. (Compl., ECF No. 1.) On August 15, 2024, the Court issued an order to show cause, directing Plaintiff to show why this case should not be dismissed for lack of subject matter jurisdiction. (Aug. 15, 2024 ECF Order to Show Cause.) Plaintiff did not respond.

While the Court's *Agoliati* Report and Recommendation determined Plaintiff's domicile as of November 8, 2019, Plaintiff has not demonstrated that "grounds for diversity exist" in this case, as is his burden. *Advani Enters., Inc.*, 140 F.3d at 160. In his

4

complaint, Plaintiff identifies his residence as "593 McGill St., Hawkesbury, Ontario, CANADA." (Compl., ECF No. 1, ¶ 2 (capitalization in original).) In addition, considering the short amount of time between November 2019, the date Piccone was added as a plaintiff in *Agoliati*, and the initiation of this case in June 2021, as well as Piccone's continued residence in Canada between 2010 and 2023, the Court has little difficulty concluding that at the time the complaint was filed, Piccone was domiciled in Canada. Accordingly, at the time this lawsuit began, Piccone was a United States citizen domiciled abroad; his presence in this case destroys diversity jurisdiction. *Herrick Co.*, 251 F.3d at 322.

## CONCLUSION

The Court respectfully recommends that this case be dismissed for lack of subject matter jurisdiction.

\*   \*   \*   \*   \*

This report and recommendation will be filed electronically. Objections to this report and recommendation must be filed, with a courtesy copy sent to the Honorable William F. Kuntz, II, at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and

recommendation] operates as a waiver of any further judicial review of the magistrate[judge's] decision" (quotation marks omitted)).

    **SO ORDERED.**

Dated: Brooklyn, New York
       September 13, 2024

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE